UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HAROLD JOHN | * | CIVIL ACTION |
| | * | |
| | * | NO.: 07 - 6801 |
| VERSUS | * | |
| | * | SECTION: "I" |
| | * | |
| STATE FARM FIRE AND CASUALTY | * | |
| COMPANY aka STATE FARM INSURANCE | * | MAGISTRATE: 5 |
| COMPANIES | * | |
| | * | |

*******************************************

### ANSWER TO PETITION FOR DAMAGES
### WITH REQUEST FOR TRIAL BY JURY

**NOW INTO COURT**, through undersigned counsel, comes STATE FARM FIRE AND CAUSALTY INSURANCE COMPANY, sought to be made defendant herein, who appears for the purpose of answering the Petition for Damages filed by the Plaintiff and who respectfully avers:

### FIRST AFFIRMANTIVE DENFENSE

The Petition fails to state a claim upon which relief can be granted.

### SECOND AFFIRMANTIVE DEFENSE

The claims stated in the Petition are based on contracts of insurance between the parties.

### THIRD AFFIRMANTIVE DEFENSE

State Farm avers that the policies issued to the plaintiff, being written contracts, are the best evidence of the terms, conditions, exclusions and limitations contain therein all of which are plead as if copied herein in their entirety, including specifically the exclusion for water damage.

895.744                                         1

**FOURTH AFFIRMANTIVE DEFENSE**

The damages sought by plaintiff were not caused by a covered peril pursuant to the terms and conditions of the applicable State Farm Insurance policy.

**FIFTH AFFIRMANTIVE DEFENSE**

To the extent that plaintiff has already received any payments from State Farm for his losses, State Farm avers that those payments were appropriate and that plaintiff has already been paid everything that he is owed under their insurance policy.  In the event of a further judgment in favor of plaintiff, State Farm claims a credit or a setoff for all amounts previously paid.

**SIXTH AFFIRMANTIVE DEFENSE**

To the extent that State Farm has made any payment to which plaintiff is not entitled, State Farm reserves and assert its rights to recover those amounts by re-conventional demand or counter claim.

**SEVENTH AFFIRMANTIVE DEFENSE**

State Farm avers that any item of damage claimed by plaintiff against the insurance policy at issue which resulted from flood damage regardless of whether such damage is allegedly related to storm surge or any breach break or collapse of any levees flood wall or flood protection structure, or allegedly related to the alleged negligence, gross negligence, or an action of any government official or agency at any level or barred by the water damage exclusion of the policies which provides:

1. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events.  We do not insure for such lost regardless of:  (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the

>excluded event to produce the loss; or (d) whether the event occurred suddenly or gradually, involves isolated or wide-spread damage, arises from natural or external forces; or occurs as a result of any combination of these. . .
>
>**Water damage,** meaning;  flood, service water, wave, tidal water, tsunami, seiche, overflow of a body of water; or spray from any of these, all whether driven by wind or not….

State Farm avers that the insurance policy at issue excludes the following losses:

3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1 and 2 immediately above regardless of whether one or more of the following: (a) directly or indirectly causes, contributes to or aggravates the loss; or (b) occurs before, at the same time, or after the loss or any other cause of the loss:

a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault; or

b. defect, weakness, inadequacy, fault or unsoundness in:

   (1) planning, zoning, development, surveying, siting;

   (2) design, specifications, workmanship, construction, grading, compaction;

   (3) materials used in construction or repair; or

   (4) maintenance;

   of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or

c. weather conditions.

However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

State Farm avers that that insurance policy at issue excludes the following losses:

2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated

895.744                                                3

or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . . .. **Neglect**, meaning: neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of loss, or when property is endangered.

### EIGHTH AFFIRMANTIVE DEFENSE

State Farm avers that Plaintiff has not been damaged as a result of any alleged wrongdoing on the part of State Farm or any of its agents or representatives.  If Plaintiff suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of third parties for which State Farm is not responsible.

### NINTH AFFIRMANTIVE DEFENSE

State Farm avers that if any of Plaintiff's damages are a result of a failure by Plaintiff to take reasonable steps to mitigate the loss, those damages are not recoverable.

### TENTH AFFIRMANTIVE DEFENSE

Plaintiff's recovery pursuant to the policy at issue, if any, is limited to any previously uncompensated losses covered by such policy.  Plaintiff may not recover for losses previously compensated under any policy providing flood insurance and State Farm reserves its right to seek an offset for such payments.

### ELEVENTH AFFIRMANTIVE DEFENSE

The Petition is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

### TWELFTH AFFIRMANTIVE DEFENSE

Although State Farm denies that State Farm in any manner breached its contractual or statutory duties to the plaintiffs, should Plaintiff establish a breach of contract and/or violation of statutory duties, Plaintiff has not suffered any real damages as a result of said breach and/or violation of statutory duties.

895.744 4

**THIRTEENTH AFFIRMANTIVE DEFENSE**

To the extent that Plaintiff claims that he may be entitled to recovery under their insurance policy in accordance with LSA-R.S. 22:695, Louisiana's Valued Policy Law, State Farm denies that the Valued Policy Law applies to this claim.  State Farm further avers that Plaintiff has not suffered a total loss, and that his loss was not caused by a covered peril, but was instead caused by an excluded peril.

**FOURTEENTH AFFIRMANTIVE DEFENSE**

To the extent that Plaintiff claims a right to penalties and attorney's fees under LSA-R.S. 22:658, as amended in 2006, State Farm contends that these amendments do not have retroactive effect.

**FIFTEENTH AFFIRMANTIVE DEFENSE**

To the extent that Plaintiff claims a right to penalties and attorney's fees under LSA-R.S. 22:658, as amended in 2006, State Farm avers that to give retroactive effect to such amendments, or to apply them to alleged violations that occurred prior to the effective date of the amendments, would violate the due process provisions and prohibition against ex post facto laws found in the Constitutions of the United States and the State of Louisiana.

**SIXTEENTH AFFIRMANTIVE DEFENSE**

Should it be found that the damages sought by Plaintiff were caused in part by a covered peril and that any other insurance provides coverage for that covered peril, State Farm pleads the "other insurance" provisions of the applicable State Farm insurance policy.

**SEVENTEENTH AFFIRMANTIVE DEFENSE**

To the extent Plaintiff seeks to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by

arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiff improperly seeks a retroactive rate revision of the applicable State Farm insurance policy or to impose on State Farm a rate structure that has not been filed or approved by the Louisiana Insurance Rating Commission ("LIRC") in accordance with LSA-R.S. 22:1401, *et seq.*, in violation of the filed rate doctrine and Louisiana law.

### EIGHTEENTH AFFIRMANTIVE DEFENSE

Some or all of Plaintiff's claims constitute an improper attempt to achieve de novo judicial review or otherwise to collaterally attack the prior decisions of the Louisiana Department of Insurance ("LDI") and LIRC contrary to procedures established by settled Louisiana law. Therefore, Plaintiffs' claims are barred by separation of powers.

### NINTEENTH AFFIRMANTIVE DEFENSE

Some or all of Plaintiff's claims interfere with the exclusive or primary jurisdiction of the LDI and LIRC, including their jurisdiction over forms, rates, and penalties.

### TWENTIETH AFFIRMANTIVE DEFENSE

To the extent Plaintiff seeks to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiff improperly seeks to effect a taking without just compensation in contravention of rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

### TWENTY-FIRST AFFIRMANTIVE DEFENSE

To the extent Plaintiff seeks to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by

arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiff improperly seeks to interfere with interstate commerce in contravention of the Commerce Clause of the Constitution of the United States.

### TWENTY-SECOND AFFIRMANTIVE DEFENSE

To the extent Plaintiff seeks to require State Farm to pay for losses excluded by the policy at issue, whether by seeking a determination that policy exclusions are invalid or by arguing for an interpretation of Louisiana's Valued Policy Law that would require payment for excluded losses or otherwise, Plaintiff improperly seeks to effect a deprivation of liberty and property in contravention of State Farm's due process rights guaranteed to State Farm by the Constitutions of the United States and the State of Louisiana.

### TWENTY-THIRD AFFIRMANTIVE DEFENSE

Plaintiff's claims for penalties are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of Louisiana. Any law, statute, or other authority purporting to permit the recovery of penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it fails to satisfy United States Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 517 U.S. 599 (1996); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

AND NOW ANSWERING the severally numbered article of the Petition for Damages, State Farm respectfully avers as follows:

I.

The allegations of Article I of the Petition for Damages are upon information and belief admitted.

II.

The allegations of Article 2 of the Petition for Damages are denied, except to admit that State Farm is a foreign insurance company authorized to do and doing business in Orleans Parish and the State of Louisiana.

III.

The allegations of Article 3 of the Petition for Damages are admitted.

IV.

The allegations of Article 4 of the Petition for Damages are admitted upon information and belief.

V.

The allegations of Article 5 of the Petition are denied except to admit that the policies of insurance issued to the plaintiff(s), each being a written contract between State Farm and each individual plaintiff, are the best evidence of the terms, conditions, exclusions, and limitations contained within each policy, all of which are plead as if copied herein in extenso, including, specifically, the exclusion for water damage.

VI.

The allegations of Article 6 of the Petition for Damages contain legal conclusions and do not require a response from State Farm.  To the extent a response is required, State Farm avers

that Plaintiff has submitted no executed stipulation limiting his potential recovery to an amount less than $75,000.00.

VII.

The allegations of Article 7 of the Petition for Damages for Damages are denied except to admit the date and general location of Hurricane Katrina.

VIII.

The allegations of Article 8 of the Petition for Damages are denied as written, except to admit that a claim was submitted to State Farm and inspections of the subject property have been conducted on State Farm's behalf.

IX.

The allegations of Article 9 of the Petition for Damages are denied.

X.

The allegations of Article 10 of the Petition for Damages are denied.

XI.

The allegations of the wherefore paragraph, as well as any unnumbered or misnumbered paragraphs, are denied.

## REQUEST FOR TRIAL BY JURY

State Farm, pursuant to Federal Rule of Civil. Procedure. 38, requests a trial by jury as to all parties and issues herein that are triable to a jury.  State Farm specifically contends that Plaintiff is not entitled to a jury trial on any claim within the scope of 42 U.S.C. § 4072.

## RESERVATION OF RIGHTS

To the extent permitted by law, State Farm reserves its rights to supplement and amend this Answer and to assert additional Affirmative Defenses as future discovery may warrant and require.

**WHEREFORE,** State Farm prays that this answer be deem good and sufficient and that after due proceedings had there be judgment rendered in their favor dismissing the claims of the plaintiff with prejudice at their cost for trial by jury and all other general and equitable relief.

Respectfully submitted,

**PORTEOUS, HAINKEL & JOHNSON**

/s/ James R. Nieset, Jr._____
JAMES R. NIESET, JR., ESQ. (24856)
HOY R. HUGHES, ESQ. (26932)
MICHAEL J. MADERE, ESQ. (29961)
RALPH J. AUCOIN, JR., ESQ. (31023)
704 Carondelet Street
New Orleans, Louisiana  70130-3774
Telephone:  (504) 581-3838
Facsimile:  (504) 581-4069
Email: jnieset@phjlaw.com
Attorneys for STATE FARM FIRE AND CASUALTY COMPANY

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this 20th day of February, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**KENNETH M. CHARBONNET**

/s/ James R. Nieset, Jr._____
JAMES R. NIESET, JR., ESQ. (#24856)